IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA GOMEZ,

    Plaintiff,

v.

WELLS FARGO BANK, et al.,

    Defendant.

                                 /

No. CV 09-0984 CRB

**ORDER REMANDING CASE TO STATE COURT**

      The Court is in receipt of Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). While the motion to dismiss does not raise any jurisdictional defects, it is this Court's obligation to explore *sua sponte* any apparent jurisdictional deficiencies. See In re: Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988), overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991) ("Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing.").

      This case was removed to federal court by the Defendants on March 6, 2009. Dkt. #1. The notice of removal cited federal question jurisdiction as the basis for the removal, and pointed specifically to Plaintiff's claim under the Truth in Lending Act, 15 U.S.C. § 1601. Id. After this Court dismissed the original complaint for failure to state a claim, Plaintiff submitted an amended complaint. See Dkt. #32. The amended complaint does not pursue a claim under the Truth in Lending Act. Instead, Plaintiff alleges causes of action for quiet

title, cancellation of deed, slander of title, and breach of written contract, and she asks this Court for both declaratory and compensatory relief. Dkt. #32. These are all actions under state law, and Plaintiff makes no reference to a federal statute or cause of action.

Because the amended complaint pursues relief exclusively on the basis of rights under state law, this Court does not have subject matter jurisdiction because of a substantial question of federal law. See 28 U.S.C. § 1331. Moreover, because Plaintiff is a resident of California, as are a number of the defendants, there is no diversity of citizenship to support federal subject matter jurisdiction under 28 U.S.C. § 1331.

While removal was initially proper by virtue of the allegations in the original complaint, the amended complaint has abandoned Plaintiff's federal claim. "In these circumstances, it is well established that the amended pleading supersedes the original pleading." Wellness Community-Nat'l v. Wellness House, 70 F.3d 46 (7th Cir. 1995). Because the amended pleading provides no basis for federal subject matter jurisdiction, this matter must be REMANDED back to state court.

**IT IS SO ORDERED.**

Dated:   Oct. 16, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2009\984\order re lack of subject matter jurisdiction.wpd    2